TUCKER *versus* WENTWORTH & *al.*

A school district, not formed by the town, in pursuance of statutory provisions, has no corporate powers.

If there be a school district, claiming to exist as such, without any act of the town, the appointment by the town, of an agent for such district, will not, of itself, give the district a legal existence.

Such a district cannot, by its vote, authorize the assessment of taxes for any purpose whatever.

An assessment of taxes, made by the assessors of a town, pursuant to the vote of such a district, raising money for the erection of a school-house, is illegal.

Any inhabitant of such a district, whose property shall be distrained, by virtue of the assessors' warrant to collect such a tax, may recover its value in a suit against the assessors.

Two or more districts uniting according to the arrangement pointed out in the statute of 1847, c. 25, § 3, do not thereby abolish the original districts or create a new one.

That arrangement merely authorizes the several districts to use a portion of their school money, in concert with each other, for greater facility in the instruction of their more advanced scholars, without impairing the rights or obligations of each of the original districts to maintain its own schools.

On Facts agreed.

Trespass *de bonis asportatis.*

School districts numbered one and two in Cherryfield, at separate meetings, duly called for that purpose, each voted to unite together, according to the statute of 1847, § 3, which provides that a district may ".join with one or more other districts, for the purpose of uniting the more advanced scholars of each district into one school ; and when any districts shall so determine, they may appropriate such a proportion of the school money of each district as the scholars attending the school aforesaid would be entitled to draw, *per capita.*"

To carry out that purpose, the inhabitants of the two districts afterwards held a meeting, and voted to form both districts into one, called the Union district. At the annual meeting of the town, which soon occurred, an agent for the Union district was chosen and sworn. The Union district then proceeded by vote to raise $2800, for the erection of a school-house, and their clerk certified the vote to the assessors of the town, and they assessed the same upon the inhabitants of the Union district, and issued their warrant to the collector of taxes. In virtue of such warrant, the collector seized and sold two cows, belonging to the plaintiff, for the payment of $19,21, his proportion of the tax, he being one of the inhabitants of the Union district. For that taking, this action is brought against the assessors.

If the defendants are liable to the suit, they are to be de-

faulted, and judgment rendered against them for $30, with costs.

*Walker*, for the plaintiff.

School district corporations are of very limited powers. R. S. c. 17, § 2, 28 ; R. S. c. 14, § 56.

It is by the act of the town, that its school districts are to be established. The divisions are to be by territorial lines. *Withington* v. *Eveleth*, 7 Pick. 106 ; *Frye* v. *School District in Athol*, 4 Cush. 250 ; *Barrett* v. *Porter*, 4 Cush. 487.

The Union district was not formed by any vote of the town. That district then had no legal existence, and the choice of the district agent was therefore a mere nullity.

The power of raising taxes pertains only to districts created by act of the town. R. S. c. 17, § 28. And it is to *such* districts only, that the provisions of stat. 1847, § 3, applies.

The assessors are liable. Integrity and faithfulness on their part can be no defence. For the tax being illegal, they were not bound to assess it.

*Burbank*, for the defendants.

The two districts, by joining themselves together, constituted one district. Stat. 1847, c. 25, § 3. The provision of the Act was, that two or more districts might "join," for certain purposes. When joined, they became, for those purposes, a single district.

The power of towns, by the Act of 1789, c. 19, was to determine and define the limits of school districts. No express power to make any subsequent alteration was given. Yet towns, though unauthorized by statute, assumed to make such alterations, and these alterations were sustained. *Richards* v. *Daggett*, 4 Mass. 534.

There may, then, be school districts, though not established under any statute provision. The Union district of Cherryfield, then, may have a valid existence, even if not sustainable under the Act of 1847. The town chose an agent for the district, and thereby adopted or recognized the district, for the case raises no doubts or difficulties, as to its territorial limits.

It therefore became the right and duty of the new district

to provide for the instruction of the more advanced scholars, and of each of the original districts, in their individual capacity, to instruct the less advanced scholars.

What school-house, then, should the more advanced class occupy, and by whom would it be owned?

The Union district, being legitimately formed, had the rights and privileges of other districts ; just, as where a man is born in a free government, he has, without further legislation, the right to "life, liberty and the pursuit of happiness."

School districts have the authority to raise money, and cause it to be assessed for the erection of school-houses. The vote, therefore, of the Union district, to raise $2800 for that purpose, was valid.

In assessing that tax, the assessors performed but an imperative duty. On receiving from the district clerk a copy of the vote, duly authenticated, no option was left to them. R. S. c. 17, § 29 & 30. It was not theirs to inquire into the legal formation of the district. It was theirs to assess, "being responsible only for their own personal faithfulness and integrity. R. S. page 748; *Mosher* v. *Robie*, 2 Fairf. 135. That these defendants, as assessors, acted with faithfulness and integrity, is not denied. They, therefore, cannot be liable in this suit.

The money has been collected, according to the vote. The house has been built, and the Union district is now using it for the prescribed purpose of educating its more advanced scholars. To whom, but the district, does the house belong? Shall its own inhabitants, after enjoying its benefits, repudiate an arrangement, so consonant to their own good, to the good of the community and to the statute provisions?

SHEPLEY, C. J. — School districts established as provided by statute, c. 17, are by the twentieth section made bodies corporate with certain powers. If there could be school districts not so formed, they would not be bodies corporate. Nor would they have the powers conferred upon them.

The inhabitants of the town only, at their annual meeting,

can determine the number and limits of their school districts, and divide and discontinue them, and annex one of them to another. They cannot delegate this power to others. Nor will the appointment of an agent for a school district, which has no existence, create one.

By the Act approved on July 31, 1847, c. 25, § 3, a school district is authorized "to join with one or more other school districts for the purpose of uniting the more advanced scholars of each district in one school."

The existing districts, which should so join, were not intended to be, and they were not abolished. They were to continue for the instruction of their own scholars, and for the appropriation of such portion of their school money for the instruction of the united and more advanced scholars as such scholars would be entitled *per capita* to draw.

No power to form a new district composed of those thus joining was conferred upon them. If one might be so formed, school districts could be formed without any vote or act of the inhabitants of the town ; and the number of the districts in a town might be nearly doubled without its vote or authority. It is not perceived, that there can be any necessity for a construction, that would authorize a new district to be formed and another school-house to be built. School districts, that would join for such purposes, might not have been expected to have occasion to use their school-houses during the whole year for the instruction of other scholars. If there be any omission to authorize a place to be provided for the instruction of the scholars more advanced, this Court is not authorized to supply the defect.

The assessors of towns are relieved from liability for making assessments by the provisions of the statute c. 14, § 56, as amended, only when they are "required by law to assess any tax upon any school district." When there is no school district, which can vote to raise the money, the assessors cannot be required by law to assess a tax on persons, who are not members of such a corporation as attempts to order the assessment.

The records of the town would inform the assessors, whether such a school district existed.

*Defendants defaulted.* —

*Judgment by agreement for* $30.

TENNEY, RICE, APPLETON and HATHAWAY, J. J., concurred.